IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH INC., a Wisconsin corporation, | : | |
| | : | Civil Action No.: 2:10-cv-07248-ER |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Q.I. PRESS CONTROLS B.V. of the Netherlands, | : | |
| | : | |
| and | : | |
| | : | |
| Q.I. PRESS CONTROLS NORTH AMERICA | : | |
| LTD., INC., a Rhode Island corporation, | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS

Defendants Q.I. Press Controls B.V and Q.I. Press Controls North America Ltd., Inc. (collectively "QIPC") respectfully submit this Motion to Dismiss the Amended Complaint of plaintiff Quad/Tech, Inc. ("Quad/Tech") and specifically to dismiss the only claim transferred to this Court under the transfer Order of the Honorable Charles R. Breyer dated November 15, 2010.

The transferred claim is Quad/Tech's allegation that QIPC's Intelligent Density System (IDS) indirectly infringes U.S. Pat. No. 7,032,508 by inducing unnamed others to infringe unidentified claims of the '508 Patent in some unidentified way. Accordingly, the grounds for this Motion, which are more fully set forth in the accompanying Memorandum, are that Quad/Tech has failed to plead the facts required under *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007), has failed to state a plausible claim for relief, and has failed to notify the defendants of what they must defend. For these reasons, the claim should be dismissed.

WHEREFORE, Defendants Q.I. Press Controls B.V and Q.I. Press Controls North America Ltd., Inc. respectfully request that this Court dismiss Quad/Tech's transferred claim with prejudice.

Respectfully submitted,

/s/ David D. Langfitt
David D. Langfitt
Pa. I.D. 66588
LOCKS LAW FIRM
The Curtis Center, Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
dlangfitt@lockslaw.com
Tel: 215.893.3423 / Fax: 215.893.3444

And

Stephen A. Madva
Montgomery McCracken
   Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
Tel: 215-772-1500 / Fax: 215-772-7260
smadva@mmwr.com

Attorneys for Defendants Q.I. Press
Controls North America Ltd., Inc. and
Q.I. Press Controls, B.V.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

QUAD/TECH INC., a Wisconsin corporation, :
 : Civil Action No.: 2:10-cv-07248-ER
  Plaintiff, :
 :
  v. :
 :
Q.I. PRESS CONTROLS B.V. of the Netherlands, :
 :
and :
 :
Q.I. PRESS CONTROLS NORTH AMERICA :
LTD., INC., a Rhode Island corporation, :
 :
  Defendants. :

**MEMORANDUM OF DEFENDANTS
IN SUPPORT OF MOTION TO DISMISS**

  Defendants Q.I. Press Controls B.V and Q.I. Press Controls North America Ltd., Inc.

(collectively "QIPC") respectfully submit this Memorandum in support of their Motion to

Dismiss the claim of plaintiff Quad/Tech, Inc. ("Quad/Tech") recently transferred from the

United States District Court of the Northern District of California.

**I.**  **SUMMARY OF ARGUMENT**

  Quad/Tech's claim for indirect infringement alleges that QIPC's Intelligent Density

System ("IDS") purportedly induces infringement of U.S. Patent No. 7,032,508 ("'508 Patent").

The claim should be dismissed for the following reasons:

  1.  Quad/Tech has pleaded no facts whatsoever.  The allegations are exclusively

conclusory recitations of the elements of a claim.  Nowhere in its '508 Patent claim does

Quad/Tech identify (a) the aspect of the IDS that allegedly induces infringement; (b) the claims

the '508 Patent allegedly infringed; (c) the customers who are committing the alleged direct

infringement; (d) the manner in which those unidentified customers directly infringe; and

(e) any purported act(s) committed by QIPC that intentionally and knowingly induced the

alleged direct infringement.

2.      As a result, neither the Court nor the defendants have any idea what it is the IDS,

QIPC, or its customers are alleged to have done.  Nowhere in the pleading can a reader

determine who is infringing, how the infringing is occurring, or what methods, processes, or

claim(s) are being infringed.

3.      The federal pleading standard requires far more than conclusory allegations.

Under *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corporation v. Twombley*, 550

U.S. 544 (2007), Quad/Tech must plead a sufficient set of facts that, if taken as true, set forth a

plausible claim.  If, as here, the pleading is a recitation of conclusory allegations that creates the

possibility of a right to relief, it falls short of plausibility and fails to provide the defendant with

sufficient facts so that the defendant knows what it is he is defending.  Quad/Tech's '508 Patent

claim provides no such facts, and for that reason it should be dismissed.


## II.      PROCEDURAL BACKGROUND

The background of the dispute between the parties is summarized in *Quad/Tech, Inc. v.*

*Q.I. Press Controls B.V. et al.*, 701 F. Supp. 2d 644 (E.D. Pa. 2010) (Robreno, J.) and need not

be repeated here.  The chronology below, drawn from the dockets of the Pennsylvania case,

attached as Exhibit A, and California case, attached as Exhibit B, sets forth the relevant

procedural history.

1.      On June 5, 2009, Quad/Tech sued QIPC in the Eastern District of Pennsylvania (docket number 09-cv-2561) for alleged infringement of the U.S. Patent No. U.S. Pat. No. 5,412,577 by QIPC's mRC markless register control product.

2.      On July 2, 2009, Quad/Tech filed a Motion for a Preliminary Injunction seeking to enjoin QIPC from selling the mRC markless register control product in the U.S.

3.      On September 22, 2009, Quad/Tech filed a First Amended Pennsylvania Complaint in the Eastern District of Pennsylvania.

4.      On December 17, 2009, the Court held a hearing on the Motion for Preliminary Injunction.

5.      On March 8, 2010, Quad/Tech filed a Motion for Leave to file a Second Amended Pennsylvania Complaint to add a claim that alleged, among other things, that QIPC's IDS infringed the '577 Patent.

6.      On April 1, 2010, the Court denied Quad/Tech's Motion to file a Second Amended Pennsylvania Complaint and Quad/Tech's Motion for a Preliminary Injunction.  A copy of the April 1, 2010 Opinion and Order are attached as Exhibit C.

7.      On May 3, 2010, Quad/Tech filed a notice of interlocutory appeal from the Order and Opinion denying its Motion for Preliminary Injunction.

8.      On May 6, 2010, this Court ordered the Pennsylvania case to be placed in suspense pending Quad/Tech's appeal.

9.      On May 19, 2010, Quad/Tech moved to lift the stay with respect to non-patent causes of action.

10.     On May 24, 2010, Quad/Tech sued QIPC in the Northern District of California (docket number CV-10-2243 (NDCA) and claimed that the IDS infringes the '577 Patent. *See* Exhibit B.

11.     On June 9, 2010, this Court denied Quad/Tech's Motion to lift the stay.

12.     For nearly three months, between May 24, 2010 to August 13, 2010, Quad/Tech did not serve the California Complaint involving the IDS.  Rather, Quad/Tech an Amended Complaint on August 13 and added a second claim, the claim at issue here; that is, that the IDS induces infringement of the '508 Patent.

13.     On September 20, 2010, QIPC filed a Motion to Dismiss the First Amended California Complaint or, in the alternative, to transfer the case to Pennsylvania.

14.     On November 15, 2010, Judge Charles R. Breyer issued an Opinion, attached as Exhibit D, that dismissed Quad/Tech's claim that the IDS infringes of the '577 Patent and transferred Quad/Tech's '508 Patent claim against the IDS.

15.     On December 15, 2010, Quad/Tech's '508 Patent claim was docketed in the Eastern District of Pennsylvania under docket number 2:10-cv-07248-ER and assigned to this Court as a related case.

16.     The allegations of Quad/Tech's now transferred '508 Patent claim are set forth below:

> 22.     On April 25, 2006, the PTO duly and legally issued United States Patent No. 7,032,508 ("'508 Patent"), entitled "printing Press," based upon the '903 Application. Quad/Tech is the owner by assignment of the '508 Patent. A copy of the '508 Patent is attached as Exhibit B and is incorporated by reference as if fully set forth here.

> 23.     At all times relevant to this Amended Complaint, Defendants have also been marketing selling, and offering for sale the Q.I. Intelligent Density System ("IDS"),

-4-

including marketing, selling, and offering for sale the IDS in this judicial district. Defendants' own documents, as well as documents publicly endorsed by Defendants, establish that the IDS products and systems infringe one or more claims of the '577 Patent and '508 Patent.

24.     Since at least as early as July 21, 2008, Defendants have had actual notice of the claims of the '577 Patent and despite that knowledge, Defendants have continued to engage in acts of infringement with willful disregard for Quad/Tech's intellectual property rights.

25.     Defendants' conduct has caused harm directly to Quad/Tech and its ability to sell its control systems.

* * *

## SECOND CLAIM FOR RELIEF

## (Patent Infringement of the '508 Patent under 35 U.S.C. § 271)

34.     Quad/Tech repeats and incorporates by reference the allegations made in the foregoing paragraphs of this Amended Complaint as if fully set forth herein.

35.     Defendants are in the business of offering for sale, manufacturing, having manufactured, importing, marketing, distributing, and selling the IDS color control system for presses, and other devices throughout the United States including, but not limited to, sales within this judicial district.

36.     Defendants have been, and are, indirectly infringing the '508 patent by inducing and contributing to the direct infringement of the '508 patent. Defendants sell and/or provide the IDS color control system for presses and other devices, with the specific intent to induce and contribute to infringement of the '508 patent, while Defendant knows, or should have known, of the '508 patent. Defendants' customers directly infringe the '508 patent when they use the IDS color control system for presses and other devices, which is a material part of the inventions of the '508 patent.

37.     The infringement by Defendants of one or more claims of the '508 Patent has deprived Quad/Tech of revenues which it otherwise would have made or caused to be made, and

has in other respects, injured Quad/Tech and will cause
Quad/Tech added injury and loss of revenues unless
enjoined by this Court.

38.     Quad/Tech has been irreparably harmed by virtue of
Defendants' infringement of the claims of the '508 Patent.

39.     Defendants' infringement of the claims of the '508 Patent
will continue unless enjoined by this Court.

*See* Amended Complaint of Quad/Tech, attached hereto as Exhibit E, at paragraphs 22

through 25 and 34 through 39.


III.    **LEGAL STANDARD**

Dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) is "appropriate only where

the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal

theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008).   In

ruling on such a motion, the court construes the complaint in the light most favorable to the

plaintiff and takes all material allegations in the complaint as true. *Jenkins v. McKeithen,* 395

U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969).   Yet even under this liberal pleading

standard, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief'..., and a formulaic

recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citations

omitted).  The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim

that is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly,* 550 U.S. at 555).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

(quoting *Twombly,* 550 U.S. at 556-57).

Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions. *Twombly,* 550 U.S. at 545. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S. Ct. at 1950. Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

The rule in *Twombly* and *Iqbal* is a "flexible plausibility" standard. A claim has plausibility when the complaint pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 129 S. Ct. at 1948. This standard requires more than a mere possibility that a defendant acted unlawfully. *Id.* at 1949. Where a complaint alleges facts that are conclusory and merely consistent with a defendant's alleged liability, the complaint falls short of the line between possibility and plausibility of "entitlement to relief." *Id.* (citing *Twombley,* 550 U.S. at 555). The first principle underlying the flexible plausibility standard is that the tenet that the court must accept as true all of the complaint's allegations does not apply to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Id.* (citing *Twombley,* 550 U.S. at 555.) The court is not bound to accept as true legal conclusions couched as factual allegations. *Id.* Where the pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the plaintiff is entitled to relief. *Id.* (citing Fed. R. Civ. P. 8(a)(2).)

## IV.   ARGUMENT

### A.   Quad/Tech's Claim for Indirect Infringement of the '508 Patent Should Be Dismissed, Because It Provides Conclusory Allegations That Represent Exactly the Kind of Pleading Disallowed Under *Iqbal* and *Twombley*.

Under the heightened pleading standards of *Iqbal* and *Twombly*, Quad/Tech is required to plead factual allegations that show its claim for indirect infringement is plausible on its face. Threadbare recitals of the elements of a cause of action and conclusory statements do not suffice. *Twombly*, 550 U.S. at 555.  "Threadbare recitals" are all Quad/Tech has provided.  To survive a motion to dismiss, Quad/Tech must have pleaded the required elements of a prima facie case of indirect infringement, including: (1) there was direct infringement by the induced party; (2) the inducer had knowledge of the asserted patents; (3) the inducer "possessed specific intent [and] not merely ... knowledge of the acts alleged" to induce; and (4) there was active inducement of the direct infringer." *Ferguson Beauregard/Logic Controls v. Mega Sys.*, 350 F.3d 1327, 1342 (Fed. Cir. 2003).  Claims for induced infringement cannot exist in the absence of direct infringement.  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004).   Thus, Quad/Tech must properly allege direct infringement by another and that QIPC possessed the requisite knowledge or intent to induce infringement and that the alleged direct infringement was "actively induce[d]" by QIPC. *See* 35 U.S.C. 271(b); *Halton v. Streivor*, No. 10-00655, 2010 U.S. Dist. LEXIS 50659, at*5 (N.D. Cal. May 21, 2010); *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F. 3d 831, 851 (Fed. Cir. 2010) (the accused party must have knowingly induced infringement and possessed specific intent to encourage another infringement).

At paragraphs 36 and 37, Quad/Tech states the basis of its inducement claim but provides a conclusory allegation of specific intent and nothing more.  Nowhere does Quad/Tech allege that QIPC actively induced an alleged customer to use the IDS in a way (also unidentified) that

purposefully and directly infringed the '508 patent.  Also in these paragraphs, Quad/Tech offers

only the conclusory allegation that QIPC's "customers directly infringe the '508 Patent when

they use the IDS color control system for presses and other devices."  *See* Exhibit E, Amended

Complaint at paragraph 36.  Nowhere does Quad/Tech identify the "customer," what the

customer does to directly infringe, how the direct infringement occurs, or what aspect of the '508

Patent is infringed.   In other words, Quad/Tech has provided a legal conclusion couched as a

fact, which is exactly what *Iqbal* has held is insufficient.  Quad/Tech has provided no specifics

that would allow this Court to conclude that direct infringement is plausible and has failed to

plead adequately a required element of the inducement claim.

    In *Iqbal*, the Supreme Court of the United States rejected as insufficient broad conclusory

allegations about the involvement of governmental officials in the detention and treatment of the

plaintiff, a person of interest detained after the events of September 11, 2001.  The plaintiff's

complaint broadly alleged that Attorney General Ashcroft was the "principal architect" of a

policy to confine the plaintiff under harsh conditions and that FBI Director Mueller was

"instrumental" in adopting and executing the alleged policy.  *Iqbal,* 129 S. Ct. at 1939.  The

Court concluded that the allegations were merely a "formulaic recitation of the elements" of a

constitutional discrimination claim and rejected the allegations as insufficient under the federal

pleading standards.  *Id.* at 1951.  Specifically, the Court rejected them, because they were

conclusory and, therefore, not entitled to the presumption of truth.  *Id.* ("It is the conclusory

nature of respondents' allegations, rather than their extravagantly fanciful nature, that disentitles

them to the presumptions of truth").

    This same standard has been applied to indirect infringement claims, such as those

pleaded by Quad/Tech.  In *Bender v. LG Electronics USA, Inc.*, No. 09-02114, 2010 U.S. Dist.

LEXIS 33075 at*19-20 (N.D. Cal. March 11, 2010), the district court granted a motion to

dismiss where the plaintiff's allegations were so conclusory that they were, like Quad/Tech's,

mere recitals of the elements of a claim. The court decided, among other things, that to state a

plausible claim for relief, the pleading should contain <u>at least</u> a description of what the patent at

issue does and a statement regarding what the specific products or components at issue do. *Id* at

* 19-20. In *Bender*, the Court dismissed the inducement claim, because its conclusory

allegations failed to present a "plausible claim for relief" or provide the defendants fair notice of

the infringement alleged. *Id.*

A similar approach was taken in *Realtime Data, LLC v. Morgan Stanley*, No. 6:09-cv-

326, 2010 U.S. Dist. LEXIS 58049 (E.D. Tx. May 7, 2010). In *Realtime Data*, the Magistrate

Judge recommended dismissal of an indirect infringement claim, because the claim contained

conclusory allegations and failed to identify the allegedly infringing product(s), the patent claims

allegedly infringed, the methods or systems that were indirectly infringed, and the person or

entity that actually committed the direct infringements. *Id* at*14-15. The Magistrate Judge

concluded that the pleading was so devoid of facts that it did not present a claim that was

plausibly entitled to relief. *Id.* at 15. *See also, Clear With Computers, LLC v. Bergdorf

Goodman, Inc.,* No. 6:09CV481, slip. op., (E.D. Tx. March 29, 2010), attached hereto as Exhibit

F.

The same is true with respect to Quad/Tech's allegations here, which are exceptionally

terse. They fail to identify a single customer who engaged in direct infringement or what the

customer did to directly infringe. The Court and QIPC are left to guess at what customers

allegedly do with the IDS to infringe the '508 patent and how such unidentified conduct

infringes one or more unidentified claims of the '508 patent. *See e.g. Interval Licensing LLC v.*

*AOL, Inc.*, No. C10-1385, 2010 U.S. Dist. LEXIS 131081 *12 (W.D. Wa. December 10, 2010) (dismissing infringement claim for, among other reasons, failure of plaintiff to plead sufficient factual detail regarding the alleged conduct that encouraged customers to use products in a certain allegedly infringing way.)  Further, Quad/Tech's allegations fail to identify what QIPC is alleged to have done or what the IDS allegedly does to indirectly infringe the '5078 patent.

Taken as a whole, Quad/Tech's indirect infringement allegations are exactly the kind of conclusory allegations *Iqbal* has declared to be insufficient.  They fail to identify the methods or systems indirectly infringed, fail to identify any direct infringer, and fail to identify the conduct allegedly committed by QIPC or the direct infringer that leads to the alleged infringement of some unidentified claim, method, or process.  Rather, the allegations Quad/Tech does provide are a recitation of legal conclusions couched as factual allegations.  For that reason, Quad/Tech's '508 patent claim fails to state a claim for indirect infringement under the *Iqbal* and *Twombley* requirements and should be dismissed.

## V.   **CONCLUSION**

For all of the foregoing reasons, Defendants Q.I. Press Controls North America Ltd., Inc. and Q.I. Press Controls B.V. respectfully request that this Court dismiss Quad/Tech, Inc.'s claim for indirect infringement of the '508 patent by the IDS.

Respectfully submitted,

/s/ David D. Langfitt
David D. Langfitt
Pa. I.D. 66588
LOCKS LAW FIRM
The Curtis Center, Suite 720 East
601 Walnut Street
Philadelphia, PA 19106
dlangfitt@lockslaw.com
Tel: 215.893.3423 / Fax: 215.893.3444

And

Stephen A. Madva
Montgomery McCracken
  Walker & Rhoads LLP
123 South Broad Street
Philadelphia, PA 19109
Tel: 215-772-1500 / Fax: 215-772-7260
smadva@mmwr.com

**Attorneys for Defendants Q.I. Press
Controls, NA and Q.I. Press Controls, BV**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January 2011, I served a true and correct copy of the foregoing Motion to Dismiss and supporting Memorandum on the following counsel of record by U.S. Mail and email:

Frederick A. Tecce
McSHEA \ TECCE, P.C.
The Bell Atlantic Tower, 28th Floor
1717 Arch Street
Philadelphia, PA  19109
Email: fteece@mcshea-tecce.com

**Counsel for Plaintiff Quad/Tech, Inc.**

/s/ David D. Langfitt
David D. Langfitt