IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 10-CV-07248 |
| | : | |
| Q.I. PRESS CONTROLS B.V. and | : | |
| Q.I. PRESS CONTROLS NORTH | : | |
| AMERICA, INCORPORATED, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

AND NOW, this ___ day of _____, 2011, upon consideration of the Motion to Dismiss Amended Complaint (Doc. No. 5) filed by defendants Q.I. Press Controls B.V. and Q.I. Press Controls North America, Incorporated, and the response in opposition thereto filed by plaintiff Quad/Tech, Incorporated, it is hereby

**O R D E R E D**

that the Motion to Dismiss is **DENIED**.

BY THE COURT:

_____
**HON. EDUARDO C. ROBRENO**
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 10-CV-07248 |
| | : | |
| Q.I. PRESS CONTROLS B.V. and | : | |
| Q.I. PRESS CONTROLS NORTH | : | HON. EDUARDO C. ROBRENO |
| AMERICA, INCORPORATED, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW, plaintiff Quad/Tech, Incorporated, by and through its undersigned counsel, and hereby oposes the Motion to Dismiss The Amended Complaint filed by defendants Q.I. Press Controls B.V., Q.I. Press Controls North America, Incorporated (D.E. #5).

The grounds for this opposition are set forth in the accompanying brief in support of plaintiff's response in opposition to defendants' motion, which is adopted and incorporated by reference as if fully set forth herein.

WHEREFORE, plaintiff Quad/Tech, Incorporated, respectfully requests that this Court deny defendants' Motions to Dismiss and schedule a Rule 16 Conference so that this matter may move forward through discovery and trial.

Dated: January 24, 2011                                    Respectfully submitted,

   s/ Frederick A. Tecce
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (fax)
ftecce@mcshea-tecce.com

Counsel for Plaintiff,
Quad/Tech, Incorporated

**OF COUNSEL**:
Jason Pauls, Esquire
Quad/Tech, Incorporated
N63 W23075 State Highway 74
Sussex, WI 53089-2827

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUAD/TECH, INCORPORATED | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.: 10-CV-07248 |
| | : | |
| Q.I. PRESS CONTROLS B.V. and | : | |
| Q.I. PRESS CONTROLS NORTH | : | HON. EDUARDO C. ROBRENO |
| AMERICA, INCORPORATED, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S BRIEF IN SUPPORT OF ITS
RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

I.  INTRODUCTION

When necessary to support their arguments to the California District Court, defendants Q.I. Press Controls B.V. ("Q.I.B.V.") and Q.I. Press Controls North America, Ltd., Inc. (collectively "Q.I.") could readily identify the facts and circumstances at issue in the Amended Complaint filed by plaintiff Quad/Tech, Inc. ("Quad/Tech"). The following statements are taken from QI pleadings filed in the Northern District of California in support of a motion to dismiss or transfer the case here:

- Both the Pennsylvania and the California cases allege infringement arising from the same transaction: the sale of print control products for use at the Transcontinental newspaper printing facility in Fremont. That transaction included **both** the IDS and the mRC with micro marks (the mRC+™).

- (2)   Quad/Tech's allegations in the two cases arise from the same nucleus of operative fact. As part of the same commercial transaction, Manroland (a German printing press manufacturer) included **both** the IDS and the mRC with micro marks (the mRC™) for use in the printing press it

      sold to Transcontinental for use in its Fremont facility. Although the California case involves two patents and the Pennsylvania case only one, both cases involve the IDS and the '577 Patent and all of the infringement claims arise from the same transaction.

- Furthermore, the Pennsylvania court has received substantial evidence regarding the Transcontinental transaction, and Quad/Tech has presented expert testimony concerning the IDS.

Despite having sufficient "fair and reasonable notice" of the allegations against them to make these arguments, QI now moves to dismiss the very same amended complaint contending that it "has failed to notify the defendants of what they must defend." Motion to Dismiss at 1.

Tellingly, in its motion to dismiss filed in the Northern District, defendant Q.I. North America went to great lengths NOT to reference FED.R.CIV.P. 12(b)(6) and was less than definitive regarding which of the two defendants were a party to the motion. That is, despite QI's extensive motions practice in California where it had enough notice regarding the present allegations to file two pleadings and attend oral argument, it never asserted that Quad/Tech failed to state a claim under Fed.R.Civ.P. 12(b)(6) as it does now. However, the district court in its opinion transferring this case to Philadelphia, specifically referenced Rule 12(b)(6). As such, Rule 12(g)(2) specifically holds that the defendants "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[1]

---

[1] Despite the clear provisions of Rule 12(g)(2), Quad/Tech does not seek to dismiss Q.I.'s motion on these grounds. The fact that Q.I. did not raise these issues in California is compelling evidence that this latest motion is just another attempt to raise unnecessarily the cost

QI's motion lacks legal and factual merit and should be denied. As set forth herein, Quad/Tech has met the requirements for a complaint in patent infringement by:

- alleging that the asserted patent issued to Quad/Tech for an invention relating to a color control system (Amended Complaint at ¶¶ 21-22);

- specifically identifying the product sold by the defendants ("IDS") which infringe the claims of the asserted patent (Amended Complaint at ¶ 23, 35-36); and,

- pleading that the Defendants have infringed and will continue to infringe the claims of the asserted patent unless enjoined by this Court. (Amended Complaint at ¶ 39).

Quad/Tech has also pled sufficient facts to support a finding of indirect infringement by the defendants by specifically identifying QI as the indirect infringer and its customers in the Northern District of California as the direct infringers (Amended Complaint at 23, 35-36). Finally, Quad/Tech has pled the requisite elements of knowledge and intent in accordance with the latest holdings of the United States Court of Appeals for the Federal Circuit ("Federal Circuit").

As such, this Court should deny QI's motion to dismiss.

## II. RELEVANT PROCEDURAL HISTORY

At it relates to the present motion, on August 13, 21010, Quad/Tech filed an amended complaint (Doc. No. 9) alleging infringement of the claims of United States Patent No. 7,032,508 ("'508 Patent") based upon QI's sale of the IDS system.

---

of this litigation and delay "the just, speedy and inexpensive determination" of this suit. FED.R.CIV.P. 1.

On September 20, 2010, QI moved to dismiss the California Action or in the alternative, to transfer that action to this Court. (Doc. No. 15). Quad/Tech opposed that motion on the grounds that the IDS system accused of infringement in San Francisco was sold in San Francisco and had not been previously accused of infringing the claims of the '508 Patent. Despite that, the district court transferred this matter to this Court with respect to the allegations of infringement of the claims of the '508 Patent by the IDS.

The case was docketed in this Court on December 13, 2010 (Doc. No. 1). On January 7, 2011, QI filed the instant motion to dismiss. (Doc. No. 5).

### III. ARGUMENT

#### A. Plaintiff's Complaint Readily Meets The Applicable Legal Standards

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Pugh v. Downs*, ___F. Supp. 2d___, 2009 WL 2251658, at *2 (E.D. Pa. 2009) (Robreno, J.). "Rule 8 is fashioned in the interest of fair and reasonable notice, not technicality, and therefore is 'not meant to impose a great burden upon a plaintiff.'" *Grimm v. Washington Mut. Bank*, No. 08-cv-828, 2008 WL 2858377, at *7 (W.D. Pa. Jul. 22, 2008) (although court found that Federal Truth in Lending Act and Consumer Credit Protection Act averments to be "not particularly specific," given the low pleading standard required, the defendant was sufficiently "on notice" of the claims against it) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005), *on remand*, 52 F. Supp.2d 1005 (S.D. Cal.

2006)).

A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-65 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002) and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations")); *accord Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007) (vacated, as premature, district court's Rule 12(b)(6) dismissal), *cert. denied, sub nom. Phelps v. Stevenson*, ___ U.S. ___,128 S. Ct. 1223 (2008).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___U.S.___,129 S. Ct. 1937, 1949 (2009) (subsequent history omitted) (*citing Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 500 U.S. at 556); *accord Pugh*, 2009 WL 2251658, at *2 (discussing "plausibility standard"). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997)

(quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (discussed in *Twombly*, 550 U.S. at 563 n.8), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)). "In other words, the allegations of the complaint taken as a whole must be grounded in enough of a factual basis to raise a 'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.'" *Morrison v. Lambie*, No. 08-cv-242, 2009 WL 688910, at *1 (W.D. Pa. Mar. 12, 2009) (*quoting Twombly*, 550 U.S. at 563 n. 8 (citations omitted)).

  B. **Quad/Tech's Complaint Readily Meets the Applicable Standards**

Quad/Tech's Complaint sets forth the necessary elements supporting its claim for patent infringement under the claims of the '508 Patent. In cases following *Twombly*, the Federal Circuit has expressly addressed the adequacy of pleading requirements for a patent infringement complaint. *McZeal v. Sprint Nextel Corp.*, 510 F.3d 1354, 1356-57 (Fed. Cir. 2007). The Federal Circuit has held that a complaint, such as the one at issue in this case, need only meet the requirements set forth in Form 16 of Federal Rules of Civil Procedure. *McZeal* 510 F.3d at 1357 *(citing, Bell Atlantic v. Twombly*, 550 U.S. 544, 552 (2007)). As noted by the Supreme Court, and relied upon by the Federal Circuit, "[the] illustrative forms appended to the Rules plainly demonstrate [the pleading requirements][.]" *Id. (citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). As held by the Federal Circuit:

> It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend.

*McZeal*, 510 F.3d at 1357.

Here, Form 16 only requires the following:

1. (Statement of Jurisdiction)

2. On ____, United States Letters Patent No. ____ were issued to the plaintiff for an invention to an _____. The plaintiff owned the patent throughout the period of the Defendant's infringing acts and still owns the patent.

3. The Defendant has infringed and is still infringing the Letters Patent by making, selling, and using the _____ that embody the patented invention, and the Defendant will continue to do so unless enjoined by this Court.

*See,* Federal Rules of Civil Procedure Form 16.

Quad/Tech's Amended Complaint readily meets these requirements in that Quad/Tech has: (1) Pled that the '508 Patent was issued to Quad/Tech for an invention relating to a color control system (Amended Complaint at ¶¶ 21-22); (2) specifically identified the IDS product sold by the defendants which infringes the claims of the '508 Patent (Amended Complaint at ¶ 23, 35-36); and, (3) pled that the Defendants have infringed and will continue to infringe the claims of the '508 Patent unless enjoined by this Court (Amended Complaint at ¶ 39).

    **C.    Quad/Tech's Complaint Further Alleges Facts to Support Its Indirect Infringement Claim**

        **1.    Quad/Tech Has Specifically Pled Acts of Direct Infringement**

Quad/Tech further alleges indirect infringement by QI in its Amended Complaint. Accordingly, Quad/Tech needs to allege acts of direct infringement. The Amended

Complaint expressly alleges acts of direct infringement by the users of QI's IDS system:

> Defendants' customers directly infringe the '508 Patent when they use the IDS color control system for presses and other devices, which is a material part of the inventions of the '508 Patent.

Amended Complaint at ¶ 36. Quad/Tech further alleged that QI was selling the IDS to customers in the Northern District of California. (Amended Complaint at ¶¶ 23 & 35). As set forth above, from these very same allegations, QI was readily able to identify the specific customer (Transcontinental) and the customer's location (Freemont, CA) as the party directly infringing the claims of the '508 Patent.

Accordingly, QI's arguments that these allegations regarding direct infringement are insufficient, ring hollow. Motion to Dismiss at 8-9.

### 2. The Complaint Alleges Sufficient Facts Regarding QI Knowledge And Intent

QI next argues that the amended complaint should be dismissed because it fails to allege sufficient facts to establish it's specific intent. QI is wrong on the law and fails to address the latest Federal Circuit case on point.

In its most recent decision, one not cited by QI, the Federal Circuit held that Quad/Tech need not establish actual knowledge of the '508 Patent by QI, but rather, could rely upon broader conduct by QI, such as actively disregarding a known risk of infringement. *SEB S.A. v. Montgomery Ward & Co., Inc.* 594 F.3d 1360, 1376 (Fed. Cir. 2010).

As such, Quad/Tech need only plead that QI had the specific intent to induce

-8-

infringement of the claims of the '508 Patent. The amended complaint meets that element:

> Defendants sell and/or provide the IDS color control system for presses and other devices, with the specific intent to induce and contribute to infringement of the '508 patent, while Defendant knows, or should have known, of the '508 patent.

Amended Complaint at ¶ 36.

### D. The Appropriate Remedy In This Case Would Be To Allow Quad/Tech to Amend

Assuming, *arguendo*, there is merit in any of Defendants' arguments, the appropriate remedy would be to allow Quad/Tech to amend its Complaint, and not to dismiss the claims with prejudice. *Shane v. Fauver*, 213 F.3d 113, 115-16 (3d Cir. 2000); *See also Carabello v. Beard*, 468 F. Supp. 2d 720, 726 (E.D. Pa. 2006) (Robreno, J.) ("even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile") (*quoting Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (subsequent history omitted)).

Here, given that QI's principals previously worked for Quad/Tech and had knowledge of Quad/Tech's development efforts and active patent portfolio as well as the three separate litigations between the parties over the past three years, Quad/Tech should be granted leave to amend to plead facts establishing that QI knew or should have known of the existence of the '508 Patent.

## IV.     CONCLUSION

For the reasons set forth above, Quad/Tech respectfully requests that this Court deny QI motions, compel the defendants to answer and schedule a Rule 16 conference so that this matter may proceed.  In the alternative, Quad/Tech seeks leave to amend its complaint to include with more particularity the facts set forth herein.

Dated: January 24, 2011                                        Respectfully submitted,


  s/ Frederick A. Tecce
**MCSHEA\TECCE, P.C.**
The Bell Atlantic Tower - 28th Floor
1717 Arch Street
Philadelphia, Pennsylvania 19103
(215) 599-0800
(215) 599-0888 (fax)
ftecce@mcshea-tecce.com

Counsel for Plaintiff,
Quad/Tech, Incorporated

**OF COUNSEL**:
Jason Pauls, Esquire
Quad/Tech, Incorporated
N63 W23075 State Highway 74
Sussex, WI 53089-2827

## CERTIFICATE OF SERVICE

I certify that on this 24th day of January, 2011 Plaintiff's Response in Opposition to the Defendants' Motion to Dismiss The Amended Complaint filed by defendants Q.I. Press Controls B.V., Q.I. Press Controls North America, Incorporated (D.E. #5) and supporting Brief have been electronically filed and are available for viewing and downloading on the Electronic Case Filings ("ECF") System of the United States District Court for the Eastern District of Pennsylvania.

I hereby certify that on this 24th day of January, 2011, true and correct copies of the foregoing documents were served *via* this Court's ECF upon the following:

> David D. Langfitt, Esquire
> The Locks Law Firm
> The Curtis Center - Suite 720 East
> 601 Walnut Street
> Philadelphia, PA 19106
>
> *Counsel for defendants Q.I. Press*
> *Controls B.V. and Q.I. Press Controls*
> *North America Ltd., Inc.*

                                                      s/ Frederick A. Tecce
                                                      Frederick A. Tecce